## MACK MFG. CO. v. VAN DUERSON et al.

(Circuit Court, E. D. Pennsylvania. July 10, 1905.)

### No. 39.

JUDGMENT—VACATION—DEFENSES—DISCHARGE IN BANKRUPTCY.

Where a bankrupt was not ruled to plead in an action against him until more than three months after his discharge in bankruptcy, but failed to interpose such discharge as a defense until after judgment, he was not entitled to have the judgment set aside in order that he might interpose such plea, on the ground that he was led to believe that the receiver would protect his interest and interpose such defense.

Rule to Open Judgment Discharged.

E. O. Michener, for plaintiff.
Jos. H. Brinton, for defendant.

HOLLAND, District Judge. Harry V. Oliver presents a petition to open a judgment for the purpose of allowing him to interpose his discharge in bankruptcy as a defense to a judgment recovered against him on April 8, 1904. The petitioner had been declared a bankrupt, and his discharge was entered October 3, 1903, in the state of New Jersey. This suit had been instituted against him prior to that time, but he was not ruled to plead until January 21, 1904. On the following day, to wit, January 22, 1904, more than three months after his discharge in bankruptcy, he entered a plea in this case in this court of non assumpsit, payment, and notice of the special matter set forth in the affidavit of defense, but did not plead his discharge in bankruptcy. Subsequently, on April 8, 1904, a jury was called, and a verdict rendered against the defendant for $4,164.40. He now requests that this judgment be opened, in order that his discharge in bankruptcy may be interposed. The only excuse he gives for the delay in taking advantage of this plea is that he was led to believe that the receiver would take care of his interests and make defense for him in this court, but there is no explanation as to why he failed to enter this plea on January 22, 1904, when he entered the other pleas above mentioned.

There is no reason why this plea should not have been entered at that time, and, having failed to do so, we do not think he has shown any reason why this judgment should now be opened.

The rule is therefore discharged.